## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMY JEFFRIES** | : |
| | : **CIVIL ACTION NO:** |
| **v.** | : **2:10-CV-2285** |
| | : |
| **ROBERT CHIUSANO** | : **JURY TRIAL DEMANDED** |
| **and** | : |
| **YELLOW TRANSPORTATION, INC.** | : |
| **and** | : |
| **YRC, INC.** | : |

## ANSWER WITH SEPARATE AFFIRMATIVE DEFENSES OF DEFENDANTS ROBERT CHIUSANO, YELLOW TRANSPORTATION, INC. AND YRC, INC. TO PLAINTIFF'S COMPLAINT

Defendants, Robert Chiusano, Yellow Transportation, Inc. and YRC, Inc., by and through their attorneys, German, Gallagher & Murtagh, answer plaintiff's complaint and respectfully state as follows:

1.     Denied.  After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 of the complaint, and same are accordingly denied.  Strict proof thereof is demanded.

2.     Admitted.

3.     Denied. Defendant Yellow Transportation, Inc. was a corporation organized and existing under the laws of the State of Indiana, with its principal place of business at 10990 Roe Avenue, Overland Park, Kansas, 66211.

4.     Admitted in part.  Denied in part. It is admitted only that Yellow Transportation, Inc. merged with Roadway Express, Inc. to form YRC, Inc. in 2008.  Defendant, YRC, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal

place of business at 10990 Roe Avenue, Overland Park, Kansas, 66211. After reasonable

investigation, answering defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining averments of paragraph 4 of the complaint, and same are

accordingly denied. Strict proof thereof is demanded.

5.    Admitted.

6.    Denied as no response is necessary.

7.    Denied as stated. It is only admitted that on the date of the accident, defendant

Robert Chiusano was employed by defendant Yellow Transportation and was operating a motor

vehicle owned by defendant Yellow Transportation.

8.    Admitted in part. Denied in part. It is admitted only that Interstate 80 was under

construction on April 19, 2008. After reasonable investigation, answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining

averments of paragraph 8 of the complaint, and same are accordingly denied. Strict proof

thereof is demanded.

9.    Admitted in part. Denied in part. It is admitted only that defendant Robert

Chiusano operated a motor vehicle owned by defendant Yellow Transportation, Inc. and in the

capacity of an employee of defendant Yellow Transportation, Inc. The remaining averments of

paragraph 9 are denied. Strict proof thereof is demanded.

10.    Denied. Strict proof thereof is demanded.

11.    Denied. After reasonable investigation, answering defendants are without

knowledge or information sufficient to form a belief as to the truth of the averments of paragraph

11 of the complaint, and same are accordingly denied. Strict proof thereof is demanded.

12.    Admitted in part. Denied in part. It is admitted only that plaintiff struck defendants' vehicle. The remaining averments of paragraph 12 are denied. Strict proof thereof is demanded.

13.    Denied. Strict proof thereof is demanded.

14.    Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the complaint, and same are accordingly denied. Strict proof thereof is demanded.

15.    Denied. Strict proof thereof is demanded.

16.    The averments in paragraph 16 constitute mere legal conclusions to which no responsive pleading is required. If and to the extent a responsive pleading is required, said averments are denied.

17.    Denied. Answering defendants specifically deny any and all allegations of carelessness, negligence, unlawfulness and/or outrageousness. As to the remaining averments of paragraph 17 of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

18.    Denied. Answering defendants specifically deny any and all allegations of carelessness, negligence, unlawfulness and/or outrageousness. It is further specifically denied that the alleged injuries, damages and losses were not caused by any act or failure to act by plaintiff.   As to the remaining averments of paragraph 18 of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

19.     Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

20.     Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

## COUNT I

### Amy Jeffries v. Robert J. Chiusano

21.     Answering defendants hereby incorporate by reference the answers set forth in paragraphs 1 through 20 inclusive as though fully set forth at length herein.

22(a-k). Denied. Answering defendants specifically deny any and all allegations of carelessness, negligence, unlawfulness and/or outrageousness. As to the remaining averments of paragraph 22(a-k) of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

23(a-c).  Denied. Answering defendants specifically deny any and all allegations of carelessness, negligence, unlawfulness and/or outrageousness. As to the remaining averments of paragraph 23(a-c) of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

24.     Denied. Answering defendants specifically deny any and all allegations of carelessness, negligence, unlawfulness and/or outrageousness. As to the remaining averments of paragraph 24 of the complaint, answering defendants are without knowledge or information

sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

25.     Denied. Answering defendants specifically deny any and all allegations of carelessness, negligence, unlawfulness and/or outrageousness.  As to the remaining averments of paragraph 25 of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

26.     Denied. Answering defendants specifically deny any and all allegations of carelessness, negligence, unlawfulness and/or outrageousness.  As to the remaining averments of paragraph 26 of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

27.     Denied. Answering defendants specifically deny any and all allegations of carelessness, negligence, unlawfulness and/or outrageousness.  As to the remaining averments of paragraph 27 of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

28.     Denied. Answering defendants specifically deny any and all allegations of carelessness, negligence, unlawfulness and/or outrageousness.  As to the remaining averments of paragraph 28 of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

## COUNT II

### Amy Jeffries v. Robert J. Chiusano

29.     Answering defendants hereby incorporate by reference the answers set forth in paragraphs 1 through 28 inclusive as though fully set forth at length herein.

30.     Denied. Answering defendants specifically deny any and all allegations of intentional, willful, wanton, reckless and outrageous conduct.  As to the remaining averments of paragraph 30 of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

31.     Denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied.  Strict proof thereof is demanded.

## COUNT III

### Amy Jeffries v. Yellow Transportation, Inc. and YRC, Inc.

32.     Answering defendants hereby incorporate by reference the answers set forth in paragraphs 1 through 31 inclusive as though fully set forth at length herein.

33.     Denied.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied.  Strict proof thereof is demanded.

34(a-i) Denied.  Answering defendants specifically deny any and all allegations of negligence, carelessness and/or recklessness.  As to the remaining averments of paragraph 34(a-i) of the complaint, answering defendants are without knowledge or information sufficient to

form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

35.     Admitted.

36.     The averments in paragraph 36 constitute mere legal conclusions to which no responsive pleading is required. If and to the extent a responsive pleading is required, said averments are denied.

37.     The averments in paragraph 37 constitute mere legal conclusions to which no responsive pleading is required. If and to the extent a responsive pleading is required, said averments are denied.

## COUNT IV

### Amy Jeffries v. Yellow Transportation, Inc. and YRC, Inc.

38.     Answering defendants hereby incorporate by reference the answers set forth in paragraphs 1 through 37 inclusive as though fully set forth at length herein.

39.     Denied. Answering defendants specifically deny any and all allegations of intentional, willful, wanton, reckless and/or outrageous conduct. As to the remaining averments of paragraph 39 of the complaint, answering defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and same are accordingly denied. Strict proof thereof is demanded.

40.     The averments in paragraph 40 constitute mere legal conclusions to which no responsive pleading is required. If and to the extent a responsive pleading is required, said averments are denied.

WHEREFORE, defendants respectfully requests that this Honorable Court grant judgment in their favor and against the plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim or cause of action against answering defendants herein.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's alleged claims are barred or are substantially reduced by the doctrines of contributory negligence and comparative negligence.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged claims are barred by the doctrine of assumption of the risk.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged claims are barred and/or limited by the pertinent provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her alleged damages and therefore, is barred from recovery, either in whole or in part.

**SEVENTH AFFIRMATIVE DEFENSE**

If the plaintiff herein suffered injuries and/or damages as alleged, which averments are denied, then the sole and exclusive cause of any such alleged injuries and/or damages was the negligence, carelessness and recklessness of others, and not that of answering defendants herein.

## EIGHTH AFFIRMATIVE DEFENSE

At all times pertinent hereto, answering defendants acted in good faith and in full and complete compliance with all applicable laws relating to, *inter alia*, the operation of a motor vehicle on the highways of the Commonwealth of Pennsylvania.

## NINTH AFFIRMATIVE DEFENSE

Venue in this matter should be transferred to the United State District Court for the Middle District of Pennsylvania as, according to the complaint, the accident occurred in Monroe County, Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against defendants for punitive damages.

WHEREFORE, defendants deny that they are liable to the plaintiff and further demand judgment in their favor and against the plaintiff herein.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

By:_____
        Robert P. Corbin
        Tiffany J. Giangiulio
        Attorneys for Defendants
        Robert Chiusano,
        Yellow Transportation, Inc. and
        YRC, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY JEFFRIES | : | |
| | : | CIVIL ACTION NO: |
| v. | : | 2:10-CV-2285 |
| | : | |
| ROBERT CHIUSANO | : | JURY TRIAL DEMANDED |
| and | : | |
| YELLOW TRANSPORTATION, INC. | : | |
| and | : | |
| YRC, INC. | : | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the within Answer with

Affirmative Defenses was served upon counsel listed below by United States First Class Mail,

postage pre-paid on *May 25* , 2010 and addressed as follows:

Thomas L. Gowen, Esquire
Locks Law Firm
170 S. Independence Mall West
Philadelphia, PA 19106

GERMAN, GALLAGHER & MURTAGH

By: _____

Robert P. Corbin
Tiffany J. Giangiulio
Attorneys for Defendants
Robert Chiusano,
Yellow Transportation, Inc. and
YRC, Inc.